IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

2004 OCT 25  A 11: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DUANE S. TRUEHART<br>P.O. Box 87<br>Athol, MA 01331<br>　　　　　　　　Plaintiff<br>vs.<br><br>SPRINGFIELD TERMINAL<br>RAILWAY COMPANY<br>Iron Horse Park<br>North Billerica, MA 01862<br><br>and<br><br>BOSTON & MAINE CORPORATION<br>Iron Horse Park<br>North Billerica, MA 01862<br>　　　　　　　　Defendant | :<br>:<br>:　CIVIL ACTION<br>:<br>:<br>: MAGISTRATE JUDGE Alexander<br>:<br>:<br>: JIURY TRIAL DEMANDED<br>:<br>: NO. |

RECEIPT # 54560
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 10/25/04

## COMPLAINT

1.   The Plaintiff, Duane S. Truehart, an adult individual whose address is P.O. Box 87, Athol, Massachusetts 01331.

2.   The Defendant, Springfield Terminal Railway Company is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.

3.   The Defendant, Boston & Maine Corporation is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.

4. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), Title 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

5. At all times material hereto, the Defendant, Springfield Terminal Railway Company, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

6. At all times material hereto, the Defendant, Boston & Maine Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

8. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

9. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, their agents, servants, workmen and/or employees.

10. The Plaintiff has been employed by the Defendants from 1985 through and including 2001, and, while working within the scope of his employment in and around the East Deerfield, Massachusetts area, and was exposed to occupational risk factors for carpal tunnel

syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

11.     Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    a)    failure to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

    b)    failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

    c)    failure to comply with safety and operating rules and regulations of the defendant;

    d)    forcing the Plaintiff to work under hurried and/or awkward conditions;

    e)    negligence of the defendant's agents, servants, workmen and/or employees;

    f)    negligence at law; and

    g)    otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

12.     As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

13.     On or about June 19, 2002, the Plaintiff was diagnosed with bilateral carpal tunnel syndrome.

14. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

15. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

16. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount not in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated: 10/22/04

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Curtis Center - Suite 450
Independence Square West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 10/22/04

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff